TALOR ALEXANDER WILLIAMS
691 S. Irolo Street, Apt. 1212
Los Angeles, CA 90005
(213) 796-7588
Talorw@uci.edu

Pro Se Plaintiff

FILED

2026 FEB 13 PM 3:58

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____ XB

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

TALOR ALEXANDER WILLIAMS,      )
    Plaintiff,      )
    v.      ) Case No.: 2:26 CV 1576 - WLH-PVC (x)
JIN WON SUA (aka JinWan Shen,      )
Chris Jin Sua, Joseph Suh),      )
KYONG MI KWON (aka Michelle Kwon),   )
YNM HOUS LLC, a California      )
limited liability company,      )
and DOES 1 through 10,      )
    Defendants.      )
_____)

COMPLAINT FOR:
1. TITLE VII DISPARATE IMPACT (42 U.S.C. §2000e)
2. FRAUDULENT INDUCEMENT
3. WILLFUL MISCLASSIFICATION (Cal. Lab. Code §226.8)
4. RICO VIOLATIONS (18 U.S.C. §1962)
5. UNFAIR COMPETITION (Cal. Bus. & Prof. Code §17200)
6. FRAUDULENT TRANSFER (Cal. Civ. Code §3439 et seq.)
7. ALTER EGO LIABILITY
8. DECLARATORY RELIEF (28 U.S.C. §2201)

JURY TRIAL DEMANDED

I. INTRODUCTION

1. This action arises from Defendants' coordinated scheme to defraud creditors, shield assets through fraudulent transfers, and engage in employment discrimination against Plaintiff, an

1

Afro-Cuban American male, in violation of federal and state law.

2. Defendants' pattern of fraud spans more than 20 years and includes multiple unsatisfied judgments, fraudulent entity formations, and post-judgment transfers of real property designed to render any judgment uncollectible.

## II. JURISDICTION AND VENUE

3. This Court has federal question jurisdiction under 28 U.S.C. §1331 over Plaintiff's Title VII claim (42 U.S.C. §2000e) and RICO claims (18 U.S.C. §1964).

4. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367, as they arise from the same common nucleus of operative facts.

5. Venue is proper in the Central District of California under 28 U.S.C. §1391(b) because Defendants reside in this district and a substantial part of the events giving rise to these claims occurred herein.

## III. PARTIES

6. Plaintiff TALOR ALEXANDER WILLIAMS is an Afro-Cuban American male and a resident of Los Angeles County, California.

7. Defendant JIN WON SUA (aka JinWan Shen, Chris Jin Sua, Joseph Suh) is an individual who owns real property at 1037 S Easthills Dr, West Covina, CA 91791 (APN: 8482-038-068). Official Los Angeles County Assessor records confirm that Defendant Sua, jointly with Luo Hongxia, has owned this property since September 15, 2014. The property has a total assessed value of $1,517,638 (land $844,141; improvements $673,497) and is held free and clear of any recorded mortgage. Defendant Sua is the mastermind of a multi-entity fraudulent enterprise spanning over two decades. He is also the Chief Executive Officer, Chief Financial Officer, Secretary, and Director of DOONG JI (California Corporation No. 4793059), with its principal address at 3130 Wilshire Blvd, Unit 408, Los Angeles, CA 90010, and is

2

the agent for service of process for DOONG JI.

8.  Defendant KYONG MI KWON (aka Michelle Kwon) is a licensed real estate agent (DRE #01361657) residing at 165 Custer Circle, Corona, CA 92881. Kwon rescinded Plaintiff's job offer for pretextual reasons on December 4, 2025, and is a manager of Defendant YNM HOUS LLC.

9.  Defendant YNM HOUS LLC is a California limited liability company (SOS File #202464010161) formed on September 25, 2024, with its principal address at 165 Custer Circle, Corona, CA 92881. Its managers include Defendants Sua and Kwon.

10. DOES 1 through 50 are individuals and entities whose identities are currently unknown to Plaintiff, including but not limited to Robin Kumar Gaur, Avneet Kaur Sodhi Gaur, 511 LLC, and additional co-conspirators, alter egos, and transferees of fraudulently transferred assets.

## IV. FACTUAL ALLEGATIONS

### A.  Employment and Discriminatory Rescission

11. In October 2025, Plaintiff discovered and applied for a Field Representative position with DOONG JI, a company controlled by Defendant Sua.

12. After an interview process involving Defendants Sua, Kwon, and Steve Shin, Plaintiff was notified of his selection and welcomed to the team on or about November 14, 2025, via email from Defendant Kwon and Steve Shin.

13. Between November 14, 2025 and early December 2025, Plaintiff attended a formal holiday meeting and training session, participated in planning and preparation Zoom calls, and was integrated into Defendants' work systems under the direction of James Kwon.

14. On or about December 3, 2025, Plaintiff printed, signed, and emailed a scanned copy of his work agreement to Defendants,

3

further formalizing his acceptance of the position.

15. On December 4, 2025 – the day before Plaintiff was scheduled to formally begin work – Defendant Kwon rescinded Plaintiff's job offer via telephone call. The sole reason stated was that Plaintiff purportedly lacked a personal vehicle,which was never previously disclosed as a requirement or need for the position.

16. Plaintiff immediately complained about this discriminatory rescission via text message in the company group chat. Those text messages are in Plaintiff's possession and will be produced in discovery.

17. On December 31, 2025, the Equal Employment Opportunity Commission issued Right-to-Sue Letter #480-2026-01183 (Exhibit C). This action is filed within 90 days of that issuance.

### B. Disparate Impact on Black Workers – Statistical Evidence

18. Defendants' policy requiring personal vehicles for misclassified "independent contractor" positions has a statistically significant disparate impact on Black workers in Los Angeles County.

19. According to the U.S. Census Bureau's 2023 American Community Survey, Black households in Los Angeles County are 3.1 times more likely to lack access to a vehicle (19.2%) than white households (6.2%).

20. According to the Federal Reserve's 2022 Survey of Consumer Finances, median Black household wealth ($27,100) is just 15.6% of median white household wealth ($174,000).

21. These intersecting disparities – in transportation access and generational wealth – make Black workers disproportionately dependent on stable employment and uniquely vulnerable to Defendants' discriminatory contracting practices.

22. Plaintiff, as an Afro-Cuban American male, is a member of this protected class and has suffered direct harm as a result of Defendants' policies.

4

C. Defendant Sua's 20-Year Fraud Pattern

23. Defendant Jin Won Sua has engaged in fraudulent schemes to evade creditors since at least 2006, including at least 24 separate lawsuits filed against him in Los Angeles County alone:

a. 2006: Multiple breach of contract and fraud actions;
b. 2016: Jin Oh Kim v. Sua, et al., Case No. BC628324 (RICO judgment for real property fraud);
c. 2024: Joseph Kim v. Sua, Case No. 24STCV33538 (contractual fraud, filed December 19, 2024);
d. 2025: Underwood University v. Sua, $42,460 default judgment entered January 30, 2025 (Exhibit A).

24. These judgments establish a clear and consistent pattern: Sua defaults when confronted, then systematically transfers or conceals assets to frustrate collection.

D. Post-Judgment Fraudulent Transfers and Asset Shielding

25. On June 16, 2023, Defendant Sua formed 511 LLC (SOS File #202357718091), listing himself as registered agent and using 7551 Shore Cliff Dr, Los Angeles, CA 90045 as both the principal and mailing address.

26. On July 27, 2023, Robin Kumar Gaur and Avneet Kaur (now Avneet Kaur Sodhi Gaur) first acquired the property at 7551 Shore Cliff Dr, Los Angeles, CA 90045 (APN 4114-004-046), as reflected in Los Angeles County Assessor records.

27. Thereafter, legal title to the property was transferred multiple times, including to SHORE CLIFF DRIVE ESTATE LLC on August 14, 2023, and then to the GAUR FAMILY LIVING TRUST on May 10, 2024.

28. On September 25, 2024 – during active litigation against Sua – Defendants Sua and Kwon formed YNM HOUS LLC (Exhibit D), a classic asset-shielding maneuver.

29. On May 12, 2025 – four months after the $42,460 Underwood

5

judgment against him – Defendant Sua formed KS Firehunter USA, Inc., using 7551 Shore Cliff Dr as its business address, demonstrating his continued control over and access to the property despite changes in legal title.

30. On December 30, 2025 – 11 months after entry of the Underwood judgment and while Plaintiff's discrimination claim was pending before the EEOC – a further transfer of 7551 Shore Cliff Dr was recorded as Document #20250447601 (Exhibit E). This transfer, whether of legal or beneficial interest, occurred after Defendant Sua had incurred multiple judgments and was designed to further conceal his interest in the property from creditors.

31. These post-judgment transfers are presumptively fraudulent under California Civil Code §3439.04(b), which provides that a transfer made after a debt is incurred, without reasonably equivalent value, while the debtor is insolvent, is presumptively fraudulent.

32. LA County Recorder records further reflect multiple additional transactions involving this property network, including documents recorded on February 4, 2026 and February 6, 2026, demonstrating ongoing, active asset dissipation.

### E. Identified Assets at Risk

33. Defendants have identified assets totaling more than $7 million, including:

   a. 1037 S Easthills Dr, West Covina, CA 91791 (APN 8482-038-068) – owned by Defendant Sua and Luo Hongxia since September 15, 2014, with total assessed value of $1,517,638, held free and clear (Exhibit B);
   b. 165 Custer Circle, Corona, CA 92881 – co-owned by Defendant Kwon, valued at approximately $1.05 million;
   c. 7551 Shore Cliff Dr, Los Angeles, CA 90045 (APN 4114-004-046) – property in which Defendant Sua has a beneficial interest, currently titled in the GAUR FAMILY LIVING TRUST, with assessed value of $2,496,960 (Exhibit E);
   d. Golden Rose Hotel & Spa, Desert Hot Springs, CA – operated by Defendant Sua;

6

  e. YNM HOUS LLC – formed during litigation to shield assets;

  f. KS Firehunter USA, Inc. – formed post-judgment using 7551 Shore Cliff Dr as business address.

34. Based on Sua's 20-year pattern of asset dissipation and the December 30, 2025 post-judgment transfer, Plaintiff believes Defendants will immediately transfer, encumber, or dissipate these assets if not restrained.

### F. Competing Creditor Threat

35. Another creditor, Joseph Kim, has pending litigation against Sua (Case No. 24STCV33538) with a hearing scheduled on or about February 19, 2026. If Mr. Kim obtains a writ of execution before this Court acts, remaining liquid assets will be levied and real properties placed at imminent risk of forced sale, rendering any judgment in this action substantially uncollectible.

### G. Regulatory Complaints Filed

36. To further protect the public interest, Plaintiff has filed:

  a. DRE Complaint against Michelle Kwon (February 5, 2026);

  b. DRE Complaint against Robin Gaur (February 6, 2026);

  c. Medical Board Complaint against Avneet Gaur, M.D. (February 6, 2026).

These complaints are pending investigation and demonstrate Plaintiff's good faith and diligence in pursuing all available remedies.

### V. FIRST CAUSE OF ACTION
Title VII Disparate Impact (42 U.S.C. §2000e)

37. Plaintiff incorporates paragraphs 1-36 as if fully set forth herein.

38. Defendants' facially neutral policy requiring personal vehicles for employment disproportionately excludes Black workers in Los Angeles County, as documented by U.S. Census Bureau data.

7

39. This policy is pretextual and not job-related or consistent with business Necessity as outlined, and less discriminatory alternatives exist.

40. Plaintiff, as an Afro-Cuban American male, is a member of the affected class and has suffered adverse employment action directly resulting from this policy.

41. Defendants' conduct was willful, malicious, and in reckless disregard of Plaintiff's federally protected rights.

## VI. SECOND CAUSE OF ACTION
### Fraudulent Inducement

42. Plaintiff incorporates paragraphs 1-41 as if fully set forth herein.

43. Defendants knowingly made false representations regarding the terms and conditions of Plaintiff's employment.

44. Plaintiff reasonably and justifiably relied on these representations to his detriment, including by relocating his schedule, attending mandatory trainings, and forgoing other employment opportunities.

45. As a direct and proximate result, Plaintiff has suffered damages including lost wages, emotional distress, and incidental expenses.

## VII. THIRD CAUSE OF ACTION
### Willful Misclassification (Cal. Lab. Code §226.8)

46. Plaintiff incorporates paragraphs 1-45 as if fully set forth herein.

47. Defendants willfully misclassified Plaintiff as an independent contractor (1099) while exercising control over his schedule, duties, and integration into their business operations – factors that establish an employer-employee relationship under California law.

48. Such willful misclassification subjects Defendants to civil penalties of $5,000 to $25,000 per violation, plus attorneys' fees and costs.

## VIII. FOURTH CAUSE OF ACTION
### RICO Violations (18 U.S.C. §1962)

49. Plaintiff incorporates paragraphs 1-48 as if fully set forth herein.

50. Defendants constitute an "enterprise" within the meaning of 18 U.S.C. §1961(4), associated in fact for the common purpose of defrauding creditors and shielding assets through fraudulent transfers.

51. Defendants have engaged in a "pattern of racketeering activity" under 18 U.S.C. §1961(5), consisting of multiple predicate acts of mail and wire fraud (18 U.S.C. §1341, §1343) spanning from 2006 to the present.

52. This pattern includes, but is not limited to:

   a. Default judgments evidencing underlying fraud (2006, 2016, 2025);
   b. Fraudulent transfers through newly formed LLCs and trusts;
   c. Use of interstate wires to effectuate the fraudulent scheme.

53. Plaintiff has been injured in his business and property by reason of these RICO violations.

## IX. FIFTH CAUSE OF ACTION
### Unfair Competition (Cal. Bus. & Prof. Code §17200)

54. Plaintiff incorporates paragraphs 1-53 as if fully set forth herein.

55. Defendants' conduct – including fraudulent transfers, willful misclassification, and employment discrimination – constitutes unlawful, unfair, and fraudulent business practices.

56. Plaintiff seeks restitution, disgorgement, injunctive relief, and attorneys' fees as provided by §17200.

## X.   SIXTH CAUSE OF ACTION
### Fraudulent Transfer (Cal. Civ. Code §3439 et seq.)

57. Plaintiff incorporates paragraphs 1-56 as if fully set forth herein.

58. The December 30, 2025 transfer of 7551 Shore Cliff Dr, Los Angeles, CA 90045 (APN 4114-004-046), recorded as Document #20250447601 (Exhibit E), was made with actual intent to hinder, delay, or defraud creditors, including Plaintiff and Underwood University.

59. The transfer is presumptively fraudulent under §3439.04(b) as a transfer made after Plaintiff's claim arose, without reasonably equivalent value, while Defendant Sua was insolvent.

60. Plaintiff seeks avoidance of the transfer, attachment of the property, and such other relief as the Court deems just.

## XI.   SEVENTH CAUSE OF ACTION
### Alter Ego Liability

61. Plaintiff incorporates paragraphs 1-60 as if fully set forth herein.

62. Defendants Sua and Kwon exercised complete dominion and control over YNM HOUS LLC, 511 LLC, and KS Firehunter USA, Inc. such that these entities had no separate existence of their own.

63. Adhering to the fiction of corporate separateness would sanction fraud and promote injustice.

64. The corporate veils of these entities should be pierced, and their assets treated as the personal assets of Defendants Sua and Kwon.

## XII. EIGHTH CAUSE OF ACTION
### Declaratory Relief (28 U.S.C. §2201, §2202)

65. Plaintiff incorporates paragraphs 1-64 as if fully set forth herein.

66. An actual and substantial controversy exists between Plaintiff and Defendants concerning:

   a. Whether Plaintiff's fraud allegations are substantiated by admissible evidence, including Exhibits A-E attached hereto;
   b. Whether Plaintiff possesses probable cause to pursue these claims against Defendants;
   c. Whether Defendants' express and implied threats of defamation litigation against Plaintiff lack merit given the evidentiary support for his allegations.

67. Defendants, through their conduct and the conduct of their agents and co-conspirators, have communicated to Plaintiff that his fraud allegations are false and defamatory, creating a reasonable apprehension of retaliatory litigation.

68. A judicial declaration is necessary and appropriate to:

   a. Guide the parties' future conduct and clarify their respective rights and duties;
   b. Prevent Defendants from wielding meritless defamation claims as a sword to intimidate Plaintiff and chill his access to the courts;
   c. Avoid a multiplicity of lawsuits arising from the same core factual controversy;
   d. Provide finality and certainty regarding the veracity of Plaintiff's allegations.

69. Plaintiff respectfully requests that this Court enter a declaration pursuant to 28 U.S.C. §2201 that:

   a. Plaintiff's fraud allegations against Defendants are substantiated by the evidence presented in Exhibits A-E and the allegations set forth in this Complaint;

11

b.  Plaintiff possesses probable cause to pursue each cause of action alleged herein;

c.  Any threatened or potential defamation action by Defendants against Plaintiff would be without merit given the substantial evidentiary support for Plaintiff's claims.

## XIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.  Compensatory damages in an amount to be proven at trial;
2.  Punitive and exemplary damages for Defendants' malicious, oppressive, and fraudulent conduct;
3.  Treble damages under RICO, 18 U.S.C. §1964(c);
4.  Statutory penalties under California Labor Code §226.8;
5.  Avoidance of the December 30, 2025 fraudulent transfer and imposition of a constructive trust upon 7551 Shore Cliff Dr;
6.  An order freezing Defendants' assets and enjoining further transfers pending resolution of this action;
7.  Lis pendens on Defendants' real property;
8.  Declaratory relief as set forth in the Eighth Cause of Action;
9.  Attorneys' fees and costs as provided by statute;
10. Prejudgment and post-judgment interest;
11. Such other and further relief as the Court deems just and proper.

## XIV. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: February 13, 2026        Respectfully submitted,

TALOR ALEXANDER WILLIAMS
Plaintiff, Pro Se
691 S. Irolo Street, Apt. 1212
Los Angeles, CA 90005
(213) 796-7588
Talorw@uci.edu

12